JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC and MERILEE IVERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SND NATIONAL MINISTRY CORPORATION, et al.,<br><br>Defendants. | Case No. 2:24-cv-05157-WLH-AGR<br><br>**ORDER RE PLAINTIFFS' MOTION TO REMAND [17]** |

This instant case is a putative class action brought by Plaintiffs Eric and Merilee Iverson, individually and as guardians to their minor children Plaintiff A.I(1) and Plaintiff A.L(2), Plaintiffs Guillermo and Vicki Calle, individually and as guardians to their minor children, Plaintiff E.C.C. and Plaintiff E.G.C., and Plaintiff Francine Bradley, Ph.D. (collectively "Plaintiffs") against Defendant SND National Ministry Corporation ("Defendant NMC"), Defendant Sisters of Notre Dame of the United States ("Defendant SNDUS"), Defendant Sisters of Notre Dame of Los Angeles ("Defendant SNDLA"), Defendant Michael Ronan ("Defendant Ronan"), Defendant Nancy Coonis ("Defendant Coonis"), Defendant Bruce Jarosz ("Defendant Jarosz"), Defendant Sister Gina Marie Blunck, S.N.D. ("Defendant Blunck"), Defendant Sister

Mary Kristin Battles, S.N.D. ("Defendant Battles"), Defendant Sister Margaret Mary Gorman, S.N.D. ("Defendant Gorman"), Defendant Dr. Koehl, Ph.D. ("Defendant Koehl"), and Defendant Anthony Guevara ("Defendant Guevara"), (collectively "Defendants"). (Complaint "Compl." Docket No. 1-2).

Present before the Court is Plaintiffs' motion to remand, filed July 18, 2024, whereby Plaintiffs dispute federal jurisdiction on the grounds that (1) Defendants failed to meet the "amount in controversy" requirement under the Class Action Fairness Act ("CAFA"), and (2) even if Defendants satisfied the amount in controversy requirement, remand is still appropriate under the "local controversy" exception. (Motion to Remand "Mot. to Remand", Docket No. 17).

For the reasons below, the Court **GRANTS** Plaintiffs' Motion to Remand.

## I. BACKGROUND

La Reina College Preparatory School ("La Reina" or the "School") is an all-female, Catholic college-preparatory high school and junior high school located in Thousand Oaks, California. (Compl. ¶ 1). It is owned by Defendant NMC, an Ohio non-profit organization. (*Id.* ¶ 23). Plaintiffs allege that at least by June 2023, Defendants NMC, SNDUS, SNDLA, Jarosz and Koehl made an affirmative decision to close La Reina, and, pursuant to that decision, Defendants NMC, SNDUS, SNDLA, Jarosz, and Koehl directed and reconfigured the Board to ensure that they had the vote to close down the School. (*Id.* ¶¶ 61-69, 75-78). Plaintiffs assert that on or about January 22, 2024, the newly-comprised Board voted to close La Reina in violation of the bylaws. (*Id.* ¶ 77). On January 24, 2024, La Reina announced that it would cease operations and close the school at the end of the academic school year due to under-enrollment and finances challenges. (*Id.* ¶ 6). Plaintiffs allege that despite Defendants knowing by at least June 2023 that the School would close, Defendants accepted applications, conducted entrance exams, and intentionally delayed the public announcement until after Defendants collected most of the tuition money for that school year. (*Id.* ¶¶ 12, 14). During that time period, Plaintiffs also claim that

Defendants held fundraisers and accepted donations without disclosing to donors of Defendants' plan to close the School. (*Id.* ¶¶ 69-74).

On February 27, 2024, Plaintiffs brought this putative class action on behalf of all current students and current applicants of La Reina, parents/benefactors of students of La Reina who have paid La Reina sums of money, and all charitable donors to La Reina who paid and/or donated funds to La Reina within the applicable statute of limitations." (*Id.* ¶ 93). Plaintiffs allege seven causes of actions: (1) the Imposition of Constructive Trust; (2) Fraudulent Misrepresentation; (3) Fraudulent Concealment; (4) Conversion; (5) Breach of Contract; (6) Unjust Enrichment; and (7) Unfair, Fraudulent and Deceptive Practices under Bus. & Prof. Cod § 17200, et seq. (*Id.* ¶¶ 100-149). Plaintiffs seek a variety of remedies, including restitution and disgorgement, economic and non-economic damages, punitive damages, injunctive relief, declaratory relief and attorneys' fees. (*Id.* at 28-29).

On June 18, 2024, Defendant NMC, Defendant SNDUS and Defendant Gorman (collectively "Removing Defendants") removed the action to federal court pursuant to CAFA, codified in relevant part at 28 U.S.C. §§ 1332, 1441(a), 1446, and 1453. (Notice Of Removal, Docket No. 1). On July 18, 2024, Plaintiffs filed this Motion to Remand, seeking an order remanding the instant action to the California Superior Court, County of Ventura. (Mot. to Remand, Docket No. 17). On August 23, 2024, the Removing Defendants filed their opposition, (Opposition "Opp'n", Docket No. 26), to which, on August 30, 2024, Plaintiffs replied. (Reply, Docket No. 31).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, removal is proper where the action is one over which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Under CAFA, federal courts are "vest[ed] with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." *See Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d

1118, 1121 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2), (5)(B)).  Congress intended CAFA jurisdiction to be "interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  In fact, while courts typically "strictly construe the removal statute against removal jurisdiction," *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014).

The removing party bears the burden of establishing federal jurisdiction under CAFA.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  But once federal jurisdiction has been established, the party seeking remand bears the burden of showing that an exception to CAFA applies.  *Id.*

The parties do not dispute that Plaintiffs' class is larger than 100 and that the parties are minimally diverse as required by § 1332(d)(2).  Thus, only two issues are presented by Plaintiffs' Motion: (1) whether the Removing Defendants have demonstrated that the amount in controversy exceeds $5,000,000, and (2) if so, whether Plaintiffs have demonstrated that the "local controversy" exception nevertheless defeats jurisdiction under CAFA.

The Court will address each in turn.

### III.  DISCUSSION

#### A. Amount in Controversy

When assessing the amount in controversy alleged, courts look first to the allegations of the complaint.  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771 (9th Cir. 2020).  If the damages are not stated or if a defendant contends the damages are understated, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 81. A plaintiff may contest the amount in controversy by making either a "facial" or "factual" attack on the defendant's jurisdictional allegations.  *See Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020).  "A 'facial' attack accepts the truth of the

4

[defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). In contrast, a factual attack "contests the truth of the . . . allegations, usually by introducing evidence outside the pleadings." *Id.* (citation omitted). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "[W]hen calculating the amount in controversy, the parties need not predict the trier of fact's eventual award with one hundred percent accuracy." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quotation omitted). Defendants must, however, provide more that "mere speculation and conjecture, with reasonable assumptions." *Ibarra*, 775 F.3d at 1197 (9th Cir. 2015). Defendants must show "a chain of reasoning" that includes "assumptions [that] are reasonable" to satisfy its burden that the amount in controversy exceeds $5 million. *Id.* (quotation omitted).

Here, in support of their Motion for Removal, the Removing Defendants initially submitted a declaration by Defendant Gorman, Provincial Superior of Defendant SNDUS, (Gorman Declaration "Gorman Decl.", Docket No. 1-9) that testified the following:

- Defendant Gorman reviewed the business records and confirmed that there are more than 100 current students at the School and more than 100 parents/benefactors of students that have paid the School sums of money within the last four years;[1] (Gorman Decl. ¶ 7)

---

[1] The Removing Defendants chose a four-year period based on Plaintiff's class definition, which includes students, parents/benefactors, and donors of the School "*within the applicable statute of limitations*." (Compl. ¶ 93). And because Plaintiffs' breach of contract claim (Count VI) and claim under Bus. & Prof. Code § 17200 (Count VII) have the longest statute of limitation period of four years, Defendants explained that the class period, at most, "extends for a four-year period prior to February 27, 2024, the date Complaint was filed." (See Notice of Removal at 7 n.4.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- According to the business records, the School received over $5,000,000 in tuition and donations during the four-year period. (*Id.* ¶ 8); and
- The School's "annual costs . . . are in the millions" (*Id.* at ¶ 9).

In their Motion to Remand, Plaintiffs contested the Removing Defendants' amount in controversy on the grounds that (1) the applicable time period should be less than four years because the Complaint "does not allege that every donation and tuition payment made over the past four years was a result of Defendants' fraudulent conduct" but rather the only date specified in the Complaint was "the latest date Defendants knew about the closure" which was June 2023 (Mot. to Remand at 12), and (2) Defendant Gorman's declaration is entitled to little weight because it is self-serving, conclusory, and fails to attach the corroborating business records on which Defendant Gorman relies. (*Id.*)

In response, the Removing Defendant submitted a second declaration by Verna Linksey, the Financial Controller of the School, who testified that based on the "School's tuition and donation records," tuition and donation received during the 2023/2024 academic year still exceeded $5,000,000. (Linksey Declaration "Linksey Decl.," Docket No. 26-1 ¶¶ 1, 4). Plaintiffs, however, maintain that the Removing Defendants' have still failed to carry their burden by a preponderance because Linksey's supplemental declaration is equally conclusory as the first. (Reply at 3-4).[2] The Court disagrees.

Contrary to Plaintiffs' contention, the courts in this district have held that a defendant need not "produce the actual business records upon which [the declarant] bases her declaration." *Sanchez v. Russell Sigler, Inc.*, No. CV-15-01350-ABP-LAx, 2015 WL 12765359, at *4 (C.D. Cal. Apr. 28, 2015); *see also Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *8 (E.D.

---

[2] Because Plaintiffs made at least one factual attack regarding the applicable time period, the Court finds that the Removing Defendants must meet their burden by a preponderance of the evidence.

Cal. Feb. 19, 2014); *accord Lewis v. Verizon*, 627 F.3d 395, 397 (9th Cir. 2010) ("To satisfy its burden in this case, the removing defendant ... supplied an affidavit to show that the potential damages could exceed the jurisdictional amount. We conclude that this showing satisfies Verizon's burden."). Nor have the courts required a defendant to "perform a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied the burden." *Harris*, 980 F.3d at 701. Rather, "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

     Here, the Removing Defendants provided two declarations that stated that the $5,000,000 threshold may be satisfied by *either* the 2023/2024 donation and tuitions, (Linksey Decl. ¶ 4), or the value of a preliminary injunction forcing the School to remain open until an unset trial date in 2025 or 2026 (Opp'n at 8; Gorman Decl. ¶ 9). In response, Plaintiffs have largely resorted to making facial attacks and failed to submit any declaration or evidence of their own to challenge the factual bases of Defendants' declarations. *See Salter*, 974 F.3d at 964-65 (dismissing plaintiff's argument that the defendant's declaration to support the amount in controversy contained unsupported and conclusory statements where plaintiff failed to lodge any factual attacks or submit its own evidence). Even if the Court gave little weight to the Removing Defendants' declarations, the Court finds that the assumptions and inferences Removing Defendants make based on Plaintiff's *own* Complaint are reasonable. As the Removing Defendants point out, while Plaintiffs have failed to specify an exact amount in controversy, Plaintiffs have asserted the following (Notice of Removal ¶ 26):

- "DEFENDANTS engaged in wrongful acts to obtain and retain property of PLAINTIFFS and the class, including millions of dollars in tuition and donations." (Compl. ¶ 102);

- "[D]onors have donated millions of dollars to [the School] in recent years." (*Id*. ¶ 8);
- "DEFENDANTS were entrusted with millions of dollars in donations and tuition from Plaintiffs and a class of similarly-situated persons[.]" (*Id*. ¶ 11);
- "Likewise, students and/or their parents and/or their benefactors paid millions of dollars in tuition[.]" (*Id*. ¶ 73);
- "Perhaps most astonishingly, the plan to close LA REINA was devised by and/or known to all or some of the DEFENDANTS for a lengthy period of time and at the latest, June 2023. Nevertheless, these DEFENDANTS allowed LA REINA to accept applications and conduct entrance exams; accept hundreds of thousands of dollars in donor money; and accept millions of dollars in tuition." (*Id*. ¶ 14).

Moreover, in addition to the millions of dollars in damages Plaintiffs seek, Plaintiffs request injunctive relief in the form of an order "enjoining and restraining Defendants from proceeding with their plan to close [the School] after the 2023/2024 school year," (*Id*. ¶ 151), along with punitive damages and/or exemplary damages and attorneys' fees. (*Id*. § VII).

"The amount in controversy "encompasses *all relief* a court may grant . . . if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 414-15 (9th Cir. 2018) (emphasis added); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."). This includes punitive damages, attorneys' fees, as well as cost of compliance with an injunction. *Lokey v. CVS Pharmacy, Inc.*, No. 20-CV-04782-LB, 2020 WL 5569705, at *3 and * 5 (N.D. Cal. Sept. 17, 2020); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (explaining that a defendant may satisfy "the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the

proffered punitive damages amount"); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met); *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001) (taking into account injunctive relief for jurisdictional purposes).

The Court must take Plaintiffs at their word. *See Ordaz v. McLane/Suneast, Inc.*, No. 5:21-CV-01591-JWH-SPX, 2021 WL 5988641, at *5 (C.D. Cal. Dec. 17, 2021) (in deciding the amount in controversy, the court looking to what the plaintiff has alleged, not what the defendants will owe); *Ibarra*, 775 F.3d at 1197 ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). When considering "the reality of what is at stake in the litigation" based on Plaintiffs' own allegations, *Ibarra*, 775 F.3d at 1198, the Court concludes that the Removing Defendants have established that it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (equating the "preponderance of the evidence standard" with "more likely than not"). *See Ordaz*, 2021 WL 5988641 at *5 (C.D. Cal. Dec. 17, 2021) (concluding that defendants met their burden and "further calculation [was] unnecessary" especially because "in view of [plaintiff's] other claims and request for attorneys' fees, it becomes a near certainty that the amount in controversy exceeds $5 million"); *Lokey*, 2020 WL 5569705, at *4 (finding that even if the court took into account plaintiff's facial attacks to defendants' declaration, "the amount in controversy (when considering the cost of injunctive relief) is met").

### B. Local Controversy Exception

Plaintiffs argue that, even if the Removing Defendants had met their initial burden to justify removal, remand would still be proper under the "local controversy" exception. (Mot. to Remand at 13). The "local controversy" exception is "intended to 'identify a controversy that uniquely affects a particular locality' and to ensure that it is decided by a state rather than a federal court." *Coleman v. Estes Express Lines, Inc.*,

627 F.3d 1096, 1100 (9th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163–64 (11th Cir. 2006)). The Ninth Circuit recognizes that the "local controversy" exception "is a narrow one, particularly in light of the purposes of CAFA." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015).

There are four elements that must be satisfied for the "local controversy" exception to apply: (1) more than two-thirds of the proposed plaintiff class(es) are citizens of the state in which the action was originally filed, (2) there is at least one in-state defendant against whom "significant relief" is sought and "whose alleged conduct forms a significant basis for the claims asserted" by the proposed class, (3) the "principal injuries" resulting from the alleged conduct of each defendant were incurred in the state of filing, and (4) no other class action "asserting the same or similar factual allegations against any of the defendants" has been filed within three years prior to the present action. 28 U.S.C. § 1332(d)(4)(A). The plaintiff bears the burden of showing that the "local controversy" exception applies to the facts of a given case. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013).

Plaintiffs argue that all the elements are met here: (1) La Reina is a local Catholic high school in Ventura County, and thus it is reasonable to infer that at least two thirds of the putative class—current students, current applicants, parents/benefactors, and donors—are California citizens; (2) Defendant Guevara, a California citizen and who was the President of La Reina during the relevant time period, is a significant defendant; (3) Because students, applicants and parents/benefactors are likely California citizens and donors are likely those with ties to California, it is reasonable to infer that the principal injuries occurred in California; (4) Plaintiffs are aware of no other competing class actions. (Mot. to Remand at 14-19).

In their opposition, the Removing Defendants contest only two elements. First, they argue that Defendant Guevara's conduct cannot be a significant basis to Plaintiffs' asserted claims because he was acting primarily as an agent of the non-local

defendants.³ (Opp'n at 12–13). Second, they assert that Plaintiffs have failed to carry their burden of showing that the principal injuries occurred in California. (*Id*. at 16–18). The Court disagrees.

    i.    *Significant Basis*

In order for the local controversy exception to apply, the complaint must name "at least one real defendant" who is local. *Coleman*, 631 F.3d at 1018 (citing S. Rep. No. 109–14, at 29). The Ninth Circuit applies a "comparative" approach to determine whether the conduct of an in-state defendant forms a significant basis for the claims alleged. *Benko*, 789 F.3d at 1118. Courts must consider a local defendant's conduct "in the context of the overall claims asserted." *Id*. (internal quotation omitted). "[T]he local defendant's alleged conduct must be an important ground for the asserted claims in view of the alleged conduct of all the [d]efendants." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010) (quoting *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009), *aff'd*, 631 F.3d 1010 (9th Cir. 2011). Courts cannot look beyond the complaint when determining whether the claims against a local defendant meet this requirement. *See Coleman*, 631 F.3d at 1012.

Here, Plaintiffs alleged the following with respect to Defendant Guevara in the Complaint:

- In June 2023, Defendant Guevara began privately telling some individuals that he was tasked with creating a comprehensive plan for closing La Reina, which was to include, among other issues, the "strategic communication plans that includes announcement of closure to all stakeholders, no later than January 31, 2024" (Compl. ¶¶ 62-63);

---

³ Notably, the Removing Defendants did not contest that Plaintiffs are seeking "significant relief" from Defendant Guevara.

11

- In October 2023, Defendant Guevara communicated the completion of his mission to certain former La Reina employees/board members and requested that the information be kept confidential (*Id.* ¶ 68);
- Defendant Guevara told at least one administrator that although the school was closing for the 2024/2025 school year, La Reina still should hold entrance exams to "not give anything away." (*Id.* ¶ 69);
- Defendant Guevara, along with the out-of-state Defendants held fundraisers and accepted tuitions and donations despite the plan to close the school, including a "Giving Tuesday" campaign that pulled in "tens of thousands of dollars" (*Id.* ¶¶ 70-71);
- In December 2023, Defendant Guevara did not disclose to a donor of the school's plan to close and accepted a five-figure donation. (*Id.* ¶ 72).

The Court finds that these allegations are sufficient to establish that Defendant Guevara's conduct formed a significant basis for the claims asserted on behalf of the class. *Christmas v. Union Pac. R.R. Company* is most instructive here. 698 F. App'x 887, 889 (9th Cir. 2017). Contrary to the Removing Defendants' assertion that "significant basis" cannot be found where the local defendant was acting primarily as an agent of the out-of-state defendant, the Ninth Circuit in *Christmas* reversed the district court's decision and held that "[e]ven if the conduct of the Local Defendants is controlled by Union Pacific, and even if they act solely pursuant to Union Pacific's policies, the conduct of the Local Defendants 'nonetheless remains the conduct of [the Local Defendants], for which [they] may be held liable'" because the allegations against the Local Defendants "is precisely the conduct that plaintiffs claim is illegal." *Id.* (citing *Coleman*, 631 F.3d at 1020). Following *Christmas*, in *Tarrow v. R.J. Reynolds Tobacco Company*, the court there found that the local defendants' conduct constituted a significant basis for the plaintiffs' claims where the two local defendants were the only senior directors of the non-local defendants' operations in California, had created and implemented the workplace practices and policies that gave rise to the

12

1 alleged violations, and conducted daily supervision on half of the class member
2 employees. No. SACV1701568CJCKESX, 2017 WL 5135547, at *4 (C.D. Cal. Nov.
3 3, 2017).

4     Like *Christmas* and *Tarrow*, Defendant Guevara was the President of La Reina
5 during the relevant period and interacted daily with La Reina students, benefactors, and
6 donors. Defendant Guevara allegedly created the closure plan for La Reina, including
7 the fraudulent strategy around the announcement of the closure, and took actions to
8 further the scheme by independently recommending holding entrance exams and
9 withholding information from donors. These actions are not only "precisely the
10 conduct that [P]laintiffs claim is illegal," but they are also the gravamen of Plaintiffs'
11 Complaint. *See Allen v. Boeing Co.*, 821 F.3d 1111, 1121 (9th Cir. 2016) (discounting
12 Defendants' argument that the local defendant was not significant because Boeing used
13 hazardous chemicals for 40 years before the local defendant's involvement on the
14 ground that the "gravamen" of Plaintiffs' claim was not about the use of toxic
15 chemicals but the spread beyond Boeing's property). Notably, Defendant Guevara is
16 named in seven of the nine causes of action. (Compl. § VI). *Cf. Faulk v. JELD-WEN,*
17 *Inc.*, 650 F.Supp.3d 803, 810 (D. Alaska 2023) (noting that local defendant whom court
18 found was not significant was named in only three of the seven counts).

19     The cases to which the Removing Defendants cite—*Busker v. Wabtec Corp.* and
20 *Faulk v. JELD-WEN, Inc.*—are inapposite. Unlike here, dispositive to those courts'
21 rulings was the lack of *any* specific allegation of *any* independent conduct against the
22 local defendants. *See Busker v. Wabtec Corp.*, 750 Fed. Appx. 522, 523 (9th Cir.
23 2018) (finding no significant local defendant where plaintiff did not specifically allege
24 defendant's role in the conduct that was the basis of the complaint and defendant's
25 sole alleged conduct was undertaken as an agent of the out-of-state defendant); *Faulk*,
26 650 F. Supp. 3d 803 at 811 (commenting that the "Complaint contains no allegations
27 that describe [the local defendant's] independent conduct"); *see also Clark v.*
28 *WorldMark, The Club*, No. 118-CV-01661-LJO-JLT, 2019 WL 1023887, at *5 (E.D.

13

Cal. Mar. 4, 2019) (refusing to remand based on the local controversy exception when the Court could not "determine which Defendants were responsible for . . . the actions forming the basis for the specific claims asserted"); *Bradford v. Bank of Am. Corp.*, 2015 WL 5311089, at *4 (C.D. Cal. Sept. 10, 2015) (finding "bare allegations" that local defendant acted in concert with the other defendant were insufficient to prove the elements of the local controversy exception).  By contrast, Plaintiffs have asserted specific and independent actions Defendant Guevara took to perpetuate the alleged fraudulent scheme.  Accordingly, the Court finds that Plaintiffs have sufficiently pled that Defendant Guevara's conduct provides a "significant basis" for the alleged conduct for which Plaintiffs seek relief.

      ii.    *Principal Injuries*

The local controversy exception also requires that the principal injuries resulting from the defendants' alleged conduct were "incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(III).  CAFA does not define the term "principal injuries," and the Court is not aware of any Ninth Circuit precedent addressing the question. *See, e.g., Winn v. Mondelez Int'l, Inc.*, 2018 WL 3151774, at *3 (N.D. Cal. Jun. 28, 2018) (noting "[t]he Ninth Circuit has not spoken directly" as to circumstances under which "principal injuries are incurred in the state where a putative class action is filed").  A report by the Senate Judiciary Committee, however, explains that "principal injuries" require that "all or almost all of the damage caused by defendants' alleged conduct occurred in the state where the suit was brought." S. Rep. No. 109-14, at 40–41 (2005).  This inquiry looks beyond the injuries of the proposed class members and takes into account the location of "everyone who was affected by the alleged conduct." *Id*.  This is to "ensure that this exception is used only where the impact of the misconduct alleged by the purported class is localized." *Id*.

The Removing Defendants claim that the principal injuries are not localized because donors of La Reina are likely spread across the country.  (Opp'n at 17-18).  The Removing Defendants correctly point out that courts in this district have

repeatedly interpreted the Senate Report's guidance to mean that the local controversy exception does not apply when the principal injuries are suffered nationwide. (*Id*. at 17). The cases that the Removing Defendants rely on to illustrate this point, however, show how the principle is unavailing here. In *Beasley v. Lucky Stores, Inc.*, for example, the court there held that principal injuries inflicted by partially hydrogenated oil in Coffee-mate products were not localized because Coffee-mate was sold and distributed nationwide, and therefore the injuries occurred nationwide even if the class definition was limited to California consumers. 379 F.Supp.3d 1039, 1044–45 (N.D. Cal. 2019). And in *Doe v. PHE, Inc.*, the Court denied Plaintiff's motion to remand because the Court there found that defendants' website, which purportedly shared private information without plaintiffs' consent, was "not restricted to only California." No. 2:24-CV-01065-RGK-SK, 2024 WL 1639149, at *2 (C.D. Cal. Apr. 15, 2024); *see also Kearns v. Ford Motor Co*., 2005 WL 3967998, at *2, 12 (C.D. Cal. Nov. 21, 2005) (finding principal injuries requirement not met where pre-owned car program was falsely "marketed nationwide;" finding "any injuries would have been suffered by consumers throughout the country"); *R.A. by & Through Altes v. Amazon.com*, Inc., 406 F. Supp. 3d 827, 835 (C.D. Cal. 2019) (denying remand where "Amazon's alleged practice of recording and storing communications of nonconsenting Alexa users . . . limited to California").

The instant case does not implicate nearly the same national reach as the cases to which the Removing Defendants cite. Rather, the Court concludes that this case is more akin to *Kendrick v. Conduent State and Local Sols., Inc*., where the Ninth Circuit affirmed the district court's decision to remand because the case was "essentially a dispute between those who use the [Golden Gate] [B]ridge to travel between Marin County, California and San Francisco, California, and defendants who are charged with operating the bridge on behalf of the State of California." 910 F.3d 1255, 1258, 1260-61 (9th Cir. 2018). Here, the issues center around a closure of a local school in Ventura County, California and the harm it has on its students,

15

applicants, benefactors/factors, and donors—who are, as the Removing Defendants concede, at least two thirds California citizens. There is at least one significant local defendant. The Court finds that Plaintiffs have met their burden, and their Motion is therefore GRANTED.

### C. Plaintiffs' Request for Fees

Plaintiffs request that the Court order the Removing Defendants to pay attorneys' fees in connection with the Motion to Remand. Upon remand, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, [however], courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit . . . ." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). To determine whether an objectively reasonable basis for seeking removal exists, we consider whether "at the time the notice of removal was filed" the basis was "clearly foreclosed." *Id*. at 1066. The Court finds that the Removing Defendants did not lack an objectively reasonable basis for removal. The Removing Defendants satisfied the three elements to remove under CAFA and their arguments against the local controversy exception were not frivolous. Therefore, the Court DENIES Plaintiffs' request for attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand. Plaintiffs' request for jurisdictional discovery and attorney's fees, however, are **DENIED**.

**IT IS SO ORDERED.**

Dated: September 23, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE